IN THE CIRCUIT COURT OF
THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

DONNA HAND, as personal representative
Of the ESTATE of LEON JOEL HAND, and
the ESTATE of OPAL O. HAND,

CASE NO.: 07 014532
DIVISION G

PLAINTIFFS,

Vs.

MOSAIC FERTILIZER LLC*, AND
MOSAIC COMPANY* parent company of
MOSAIC FERTILIZER LLC.

**DEMAND FOR JURY TRAIL**

DEFENDANTS

_____/

**WRONGFUL DEATH ACTION DUE TO STRICT LIABILITY, NEGLIGENCE PER SE, NEGLIGENCE, TRESPASS, NUISANCE, MISREPRSENTATION AND FRAUD, BREACH OF DUTY, FRAUDULENT CONCEALMENT of ULTRAHAZARDOUS ACTIVITY, AND BATTERY FOR EXPOSURE TO TOXIC SUBSTANCES**

COMES NOW the PLAINTIFF, DONNA HAND, as personal representative of the ESTATE of LEON JOEL HAND and the ESTATE OF OPAL O. HAND, Pro Se, and sues the DEFENDANT, MOSAIC FERTILIZER LLC. And MOSIAC COMPANY and ALLEGES:

1. This is an action for damages for wrongful death pursuant to Florida Statutes, section 768.16 et seq., known as the "Florida Wrongful Death Act". The beneficiaries of both Estates are:

- MOSAIC FERTILIZER LLC aka CARGILL FERTILIZER LLC aka CARGILL FERTILIZER INC., aka GARDINIER INC., aka BIG RIVER GARDINIER INC., aka EAST TAMPA CHEMICAL PLANT aka U.S . PHOSPHORIC, Tampa Division.
- MOSAIC COMPANY aka CARGILL INC.

Estate of RONALD L. HAND, deceased son of Leon Joel Hand and Opal O. Hand; Linda Hand surviving spouse, Ronald L. Hand Jr. son, and Jo Ann (Hand) Spain, daughter; 265 Cantebury St. Rincon GA 31326

JULIE ANN HAND, daughter of Leon Joel Hand and Opal O. Hand;
P.O. Box 7091 Sun City Fl 33586

JOHN KEITH HAND, son of Leon Joel Hand and Opal O. Hand;
1204 Frisbee Rd, Ruskin Fl 33570

DONNA HAND, daughter of Leon Joel Hand and Opal O. Hand;
7511 Bolanos Ct., Tampa Fl 33615

AS per 733.6121f.s., Personal representative has, without court authorization, the power to take any action necessary to remedy an actual violation of an environmental law as defined in 733.6121(6)f.s..

2. A. The damages in this section greatly exceed this court's threshold jurisdiction of $15,000.00.

B. Plaintiff hereby places Defendant on notice that it will seek an evidentiary hearing pursuant to the Florida Rules of Civil Procedure to amend this Complaint to seek substantial punitive damages in addition to compensatory damages pursuant to the allegations set forth below.

C. This is to inform the Court that OPAL O. HAND had a previous wrongful death action filed in this court, was removed to federal court under the Price-Anderson Act.

D. The federal court dismissed the claim under RULE 12(b) (6), and did not take supplemental jurisdiction over the state law claims that are not covered under the Price-Anderson Act.

E. Restatement of Judgments (Second) sec 28, the Florida Constitution requires this Court to allow this case to be tried since the federal court denied an opportunity to appear and to be heard.

F. LEON JOEL HAND's claim is within the statute of limitation due to the fact that the injurious consequences of the exposure over a period of time and the casual link to the defendant was not established until January 2006.

H. Both of these claims also warrant equitable tolling.

3. LEON JOEL HAND and OPAL O. HAND was at all material times herein a resident of Sun City, Hillsborough County, Florida, and were survived by the above mentioned beneficiaries. There are no other survivors under Florida law.

4. At all times material herein, the Defendant, MOSIAC FERTILIZER LLC and MOSAIC COMPANY. ( herein after referred to as MOSIAC), is a phosphate fertilizer company doing business in Hillsborough County, US Highway 41, as well as other facilities in Florida. MOSIAC COMPANY *et al,* as parent company of MOSAIC FERTILIZER LLC *et.al,* had at all material times herein control of MOSAIC FERTILIZER LLC *et al..*

5. A. MOSAIC recovered uranium from phosphoric acid and enhanced the uranium into 'feed material' for nuclear weapons and nuclear power plants from 1954-1990. This facility also handled Cesium-137 for gauges.

B. Florida issued a license to MOSAIC (Gardinier, Cargill,) to extract uranium from 1964 to 1990. AEC issued a contract from 1954 to 1961.

C. The AEC contract was for 60 tons of uranium per year. Florida's license allowed 100 tons of uranium per year.

D. This license to MOSAIC accomplishes more than mere registration because it translates statutory and regulatory requirements into specific obligations for this facility.

6. MOSAIC also during the process for phosphate fertilizer used various toxic substances including, but not limited to, sulfuric acid, cadmium, arsenic, chromium, lead, mercury, radium-226, radon, phosphoric acid, phosphogypsum, fluorides, silic acid, sodium hexafluorosilicate, fluorosilicic acid, anhydrous ammonia, nitrogen, sulfate, ammonium sulfate, vanadium, uranium, PCB's, benzene, asbestos, and cesium-137. (These substances are listed on the TOXIC SUBSTANCE CONTROL ACT).

7. A. Leon Joel Hand worked for MOSAIC (Cargill, Gardinier) as a maintence/ mechanic/ welder/ rubber/ plastics worker from 1963 to 1982.

B. At all times, Leon Joel Hand was not informed of the toxic substances and was not provided personal protection equipment.

C. Leon Joel Hand was not monitored for exposure to toxic substances and was injured inside the uranium recovery building.

D. Leon Joel Hand was exposed to toxic substances that exceeded federal and Florida guidelines.

E. MOSAIC had a duty to provide a safe work place for LEON JOEL HAND.

F. MOSAIC had a duty to inform HAND of the abnormally dangerous activity.

G. Occupational Safety and Health Act of 1970 required employers to provide employees not only a general duty of a safe place to work but to inform the workers of the risks of exposure to toxic substances. ("heeding presumption" Restatement (Second) of Torts ss 402A comment j)

8. A. Due to the fact that MOSAIC did not provide Leon Joel Hand personal Protective equipment, Leon Joel Hand's personal work clothes were contaminated with toxic substances.

B. This contamination of personal work clothes created a toxic exposure to OPAL O. Hand, and was a trespass into the 'property'.

C. MOSAIC's conduct placed Opal O. Hand in significant harm.

D. This trespass was intentional due to the fact that MOSAIC was to contain the toxic substances to the site for which the licenses was issued to.

E. MOSAIC was to inform the person doing laundry (of the contaminated clothing) of the hazards of the toxic substances.

F. This trespass put OPAL O. HAND to be exposed to levels of toxic substances that exceeded federal and Florida guidelines.

9. A. Florida is an agreement state with the NRC (aka AEC) since 1964.

B. Florida statutes must be comparative to federal regulations as it pertains to radiation protection. (The NRC audits Florida's program every 4 years for compliance).

Therefore, there is no "direct and positive conflict" between state law tort claims and federal regulations.

C. MOSAIC was required by law to monitor equipment and workers, to obtain and maintain low levels of radiation.

D. MOSAIC was required to inform and contain the level of toxic substances to the 'public'.

E. Specifically, MOSAIC failed to issue timely and legally adequate warnings about the increased risk of radiation.

10. A. MOSAIC fraudulently concealed ultra-hazardous activity from not only the worker, LEON JOEL HAND, but also to OPAL O. HAND.

B. The activity of extracting uranium from phosphoric acid, U3O8, and enhancing it to UF4, (feed material for nuclear power plants), must be considered as an ultra-hazardous activity that would require strict liability.

C. The phosphate fertilizer activity is a highly dangerous activity since the natural uranium in central Florida is quite high.

D. When MOSAIC extracted uranium from phosphate using sulfuric acid, MOSAIC created an activity that was abnormally dangerous by making soluble uranium.

E. This activity exposed the Plaintiffs to both insoluble and soluble uranium.

F. Strict liability should apply to claims based on radiation damages because use of nuclear material is uncommon and poses great danger. *Cities Service Co. v Florida*, 312 So2d 799, 803, (Fla. Dist Ct App 1975).

11.  A. MOSAIC did not report several incidents where LEON JOEL HAND was injured at work inside the uranium recovery building.

B. LEON JOEL HAND was working inside a vaut when 'chemicals' were dumped on top of him.

C. The NRC received from MOSAIC in 1992 an incident report that a worker was covered with "chemicals" inside a vaut in 1978.

D. LEON JOEL HAND also had several other work injuries inside the uranium recovery building.


12.  A. LEON JOEL HAND and OPAL O. Hand both died from chronic renal disease, and myledysplasia syndrome.

B. The National Cancer Institute has established that myledysplasia syndrome is the precursor to leukemia, chronic mylegenous leukemia. This is a radiogenic cancer.

C. NIOSH has established that the chemical toxicity of uranium is chronic renal disease.

D. The exposure to the toxic chemicals, heavy metals, and radioactive substances above the federal guidelines caused injury in fact to LEON JOEL HAND and OPAL O. HAND.


13..  A. MOSAIC's conduct was a nuisance per se to LEON JOEL HAND's property.

B. In 1977, there was a government survey of this facility, stating that the old uranium recovery buildings exceeded federal guidelines.

C. The old uranium recovery building housed the maintence department, old equipment, offices, and a lunch room.

D. MOSIAC had two representatives from their company to escort the survey group.

E. Even with the knowledge that the radiation exceeded federal guidelines, MOSAIC still did not inform, monitor, or correct the additional risk of exposure.

F. The decision not to correct the risks allowed further toxic substance exposure to LEON JOEL HAND's personal work clothes, (property), which is by definition a nuisance.

14. A. The Defendant MOSAIC is liable under one or more different, alternative theories of liability recognized under Florida law.

B. strict liability: ultra hazardous activity, misrepresentations according to Restatement (Second) of Torts.

C. Negligence and Negligence per se: MOSAIC has not acted as a reasonably prudent manufacturer would do under the same circumstances or similar circumstances. They are guilty of both common law negligence and negligence per se when they violated federal regulation and Florida law.

D. Trespass and Nuisance: MOSIAC as stated previously 'trespassed' onto LEON JOEL HAND's personal work clothes and exposed OPAL HAND to toxic substances. This was a nuisance since the trespass continued on even though MOSAIC knew that the exposure exceeded federal regulations

E. Misrepresentation, fraud, and fraudulent concealment: MOSAIC made a false representation when they told the workers that the dose to uranium is so low that they did not need to be monitored. This was in direct opposite of the Florida license permit and the federal survey. MOSIAC knew that this statement was false, and that the Plaintiff would rely on their statement. LEON JOEL HAND did rely on the statement which was justifiable and because of this reliance, LEON JOEL HAND and OPAL O. HAND suffered damage.

F. Breach of Duty: MOSAIC breach its duty to inform, control, monitor, and protect both the public and the environment regarding its activity which MOSIAC knew was toxic substances. MOSIAC violated both the legal obligation and the moral obligation.

G. Battery of exposure: MOSAIC intentionally and offensively continued to 'touch', (by way of the contaminated clothing), LEON JOEL HAND and OPAL O. HAND without their permission, which resulted in personal harm and eventually their death.

15. A. The Plaintiffs assert claims under the wrongful death act of Florida, where the incident and the death occurred. Survival damages are also sought with respect to each death claim.

B. Plaintiffs seek all compensatory damages as authorized by law.

C. In addition to actual damages, Plaintiffs seek prejudgment interest, costs of courts, and such other further relief as they are entitled to recover under they law.

D. As the evidence develops during discovery, it may well be that a claim for punitive or exemplary damages is appropriate under Florida law. Therefore, as a matter

of general notice pleading, this Complaint notes the potential for such a claim. If, as and when the facts warrant the assertion of such a claim, leave will; be sought to amend the pleadings to assert it.

16. All theories of liability and recovery are pled cumulatively and alternatively, with no election of remedies until such time as the trier of fact has resolved disputed issues of fact and the Court compels such election, if, in fact, the Court does so.

17. Plaintiffs hereby invoke their right to trial by jury.

WHEREFORE, Plaintiffs pray that the Defendant MOSAIC be cited to appear and answer herein, and that, after a trial, Plaintiffs receive such monetary damages, both actual and exemplary, and other relief as is sought herein and appropriate under the law and the facts.

Respectfully submitted,

*/s/ Donna Hand/*

Donna Hand, Pro Se
7511 Bolanos Ct
Tampa Fl 33615
(813)886-2294

I hereby certify that to the best of my knowledge, information, and belief, which was formed after an inquiry reasonable under the circumstances, is not being presented for any improper purpose, the claims and other legal; contentions therein are warranted by existing law; the allegations and other factual contentions have evidentiary support or will have after discovery.

Donna Hand, Pro Se   */s/ Donna Hand/*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing were served by way of STATE SERVICE CORP (process server) this _31_ day of _October_, 2007, to:

CT Corporation as registered agent for MOSAIC FERTILZER LLC and MOSAIC COMPANY
C T Corporation System
1200 South Pine Island Rd
Plantation Fl 33324


Respectfully submitted,

_Donna Hand_
Donna Hand, Pro Se
7511 Bolanos Ct
Tampa Fl 33615

(813) 886-2294

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing were served by way of STATE SERVICE CORP (process server) this _31_ day of _October_, 2007, to:

CT Corporation as registered agent for MOSAIC FERTILZER LLC and MOSAIC COMPANY
C T Corporation System
1200 South Pine Island Rd
Plantation Fl 33324


Respectfully submitted,

_Donna Hand_
Donna Hand, Pro Se
7511 Bolanos Ct
Tampa Fl 33615

(813) 886-2294

STATE OF FLORIDA   )
COUNTY OF HILLSBOROUGH)
THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE DOCUMENT ON FILE IN MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL THIS _14th_ DAY OF _November_ 20_07_

PAT FRANK
CLERK OF CIRCUIT COURT
BY _Jessica Robertson_ D.C.